IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 11-00073-01-CR-W-DGK |
| RUSSEL B. GERLT, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 12, 2011, counsel for defendant Russel Gerlt filed a motion pursuant to 18 U.S.C. § 4241 for a determination of the mental competency of the defendant to stand trial. That motion was granted and, prior to holding a hearing to determine the mental competency of the defendant, the Court entered its Order pursuant to 18 U.S.C. § 4241(b) directing that a psychological or psychiatric examination of the defendant be conducted and that a psychological or psychiatric report be filed with the Court pursuant to 18 U.S.C. §§ 4247(b) and (c).

The Court has now received the psychological or psychiatric report of Dr. Ron Nieberding which concluded that a definitive opinion about the defendant's competence to understand the nature and consequence of the proceedings against him and to assist properly in his defense cannot be reached at this time due to his refusal to participate in the formal assessment process. This report has been provided to and reviewed by counsel for the government and counsel for the defendant. On August 22, 2011, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining the mental competency of the defendant to stand trial. At this hearing, counsel for the government and counsel for the defendant stipulated

that the Court could consider the psychological or psychiatric report of Dr. Nieberding as if Dr. Nieberding had appeared in person and testified under oath. No additional evidence was offered by the government or by the defendant.

When defendant Gerlt was referred for a mental evaluation, he refused to participate in the formal assessment of his competence and refused to provide related background information useful in determining his competence. Specifically, defendant Gerlt refused to sign the Statement of Understanding form which summarized the administrative and procedural aspects of the evaluation process, he repeatedly refused to participate in formal cognitive, personality, or response style testing, he refused to complete the Minnesota Multiphase Personality Inventory-2 (MMPI-2) and he refused to participate in the administration of the Evaluation of Competency to Stand Trial-Revised (ESCT-R). Despite these refusals, Dr. Nieberding was able to gather information about defendant Gerlt from communication with defense and government counsel, discovery information relating to the underlying charges, correspondence prepared by defendant Gerlt, a Psychological Report prepared by D. Birmingham, Ph.D. dated November 6, 1995, medical and administrative records from the Bureau of Prisons dated May, 2011, behavioral observations of defendant Gerlt made by MCC Chicago staff, and mental status examination and clinical interviews with defendant Gerlt totaling 3 hours.

Based on this information, Dr. Nieberding was able to reach certain conclusions about the mental condition of defendant Gerlt. Dr. Nieberding concluded that defendant Gerlt's intellectual abilities placed him in the low average to average range and that he suffers from

2

delusional disorder, persecutory type, which is in partial remission. Dr. Nieberding also concluded that defendant Gerlt has certain antisocial traits.

During the evaluation process, defendant Gerlt also experienced serious physical symptoms relating to hypertension and chronic pain. Despite advice from medical personnel that his hypertension conditions required immediate medication, he refused. Ultimately, the Court had to order the administration of medical treatment for this condition.

Even though Dr. Nieberding could not provide a definitive opinion on the issue of defendant Gerlt's competence due to the defendant's refusal to participate in necessary testing, he was able to identify factors suggesting the defendant may be competent and factors suggesting he may not. Factors weighing in favor of competence are:

> Defendant appears to be relatively functional (able to care for himself, engage in activities of daily living, drive an automobile) despite potential cognitive and medical impairment;
>
> Defendant did not exhibit overt signs or symptoms of psychosis, or a major mood disorder during the period of assessment;
>
> Over the course of the assessment, the defendant was able to manage and adjust his behavior and emotional reactivity when provided feedback and instructed to do so. He likely has the capacity to engage in similar behavior when interacting with counsel;
>
> Defendant's refusal to consent to medical treatment, which may be viewed as evidence of impaired judgment, is also related, at least in part, to a very stubborn and firmly entrenched belief in personal rights and individual choice;
>
> The defendant has likely gained some familiarity with the court and court proceedings based on his previous charges, previous interactions with the court system, and previous exposure to treatment focused on competency restoration; and

> The defendant has no difficulty staunchly defending his personal rights, and would likely be a very active participant in the formulation of any defense strategy.

Factors Dr. Nieberding viewed as weighing against a finding of competence are:

> While apparently less intensely expressed than in the past, the defendant continues to exhibit residual beliefs that he has consistently been unfairly treated, to the extent that he has verbalized a desire to launch an investigation into these alleged abuses;
>
> Questions exist about the defendant's potential response to counsel if and when the legitimacy of his beliefs are questioned or challenged; and
>
> Questions also remain about the potential impact of the defendant's hypertensive condition, and the impact this may be having on his current cognitive abilities, e.g. his reasoning and judgment, planning and organizing ability, memory and functioning.

Finally, Dr. Nieberding goes on to note that, regardless of the Court's decision on the question of defendant Gerlt's competence, he will continue to require medical and psychological evaluation to assess and monitor both his physical and mental health.

There is no doubt that defendant Gerlt suffers from both physical and mental conditions that are serious. Steps have been taken, either with the defendant's cooperation or not, to address his physical problems. To the extent that his physical problems contribute to his mental stability, those problems are being addressed. Considering both the factors weighing in favor of a finding of competence as well as those against, and also taking into consideration the Court's opportunity to have observed defendant Gerlt in court proceedings, the undersigned is not convinced that sufficient evidence exists from which one can conclude that defendant Gerlt is incompetent. The insufficiency of such evidence may well be due in large part to the

4

defendant's refusal to cooperate. But whether that refusal stems from some perceived tactical advantage to be gained or from a deep seated belief in freedom and individual choice, it does not serve as a basis for concluding that the defendant is incompetent to understand the proceeding against him or assist properly in his own defense.

Based on the record before the Court and the findings of Dr. Ron Nieberding, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that defendant Russel Gerlt is competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon the ground of plain error or manifest injustice.

*/s/ JOHN T. MAUGHMER*
JOHN T. MAUGHMER
United States Magistrate Judge

Kansas City, Missouri